IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID GIROUX, Derivatively on Behalf of ACER THERAPEUTICS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JASON AMELLO, STEVE ASELAGE, HUBERT BIRNER, JOHN M. DUNN, MICHELLE GRIFFIN, LUC MARENGERE, HARRY PALMIN, and CHRIS SCHELLING,<br><br>Defendants,<br><br>and<br><br>ACER THERAPEUTICS, INC.,<br><br>Nominal Defendant. | Civ. A. No. 1:20-cv-10537 |

**PRELIMINARY APPROVAL AND SCHEDULING ORDER**

WHEREAS, the parties to the above-captioned shareholder derivative action (the "Massachusetts Action") with Matthew Gress, Kyle McNeil, and Jose Luis Gonzalez Diaz, plaintiffs in the consolidated derivative action in the District of Delaware captioned *In re Acer Therapeutics, Inc. Derivative Litigation*, Lead Case No. 1:19-cv-01505-MN (the "Delaware Action") and Stephen King, plaintiff in the derivative action in the Southern District of New York captioned *King v. Schelling, et al.*, Case No. 1:20-cv-04779-GHW (the "New York Action" and together with the Massachusetts Action and the Delaware Action, the "Actions," and the plaintiffs to the Actions are collectively referred to herein as the "Plaintiffs.") have made application, pursuant to Federal Rule of Civil Procedure 23.1, for an order (i) preliminarily approving the proposed settlement ("Settlement") of the Actions, in accordance with a Stipulation and Agreement of Settlement, dated December 29, 2020, and the Exhibits thereto (the "Stipulation"),

(ii) approving the form and content of the Notice to Current Acer Stockholders of Pendency and Proposed Settlement of Shareholder Actions (the "Notice"), substantially in the form of Exhibit B to the Stipulation,[1] and (iii) setting a date for the final Settlement hearing;

WHEREAS, the Stipulation sets forth the terms and conditions of the Settlement;

WHEREAS, the Settlement appears to be the product of serious, informed, non-collusive negotiations and falls within the range of possible approval;

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein);

WHEREAS, this Court, having considered the Stipulation and the Exhibits annexed thereto and the Settling Parties' submissions in support of the motion for preliminary approval of the Settlement;

NOW THEREFORE, IT IS ORDERED:

1. This Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the terms of the Settlement set forth therein;

2. The final Settlement Hearing shall be held before the United States District Court for the District of Massachusetts, on <u>May 12, 2021</u> at <u>2:00</u> p.m. before this Court at John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, to: (1) determine whether the terms of the Settlement should be approved as fair, reasonable, and adequate; (2) consider any objections to the Settlement submitted in accordance with the Notice; (3) determine whether the Judgment finally approving the Settlement, substantially in the form of Exhibit D to the Stipulation, should be entered, dismissing the Actions with prejudice and releasing the

---

[1] The Notice has been amended and is attached to the Holleman Declaration as Exhibit 2 (dkt.10-6). This amended Notice will be used.

Released Claims against the Released Persons; (4) determine whether the requested Fee and Expense Award for Plaintiffs' Counsel and the Incentive Awards to Plaintiffs, which will be funded from the Fee and Expense Award, should be approved; and (5) consider any other matters that may properly be brought before the Court in connection with the Settlement.

3. This Court approves, as to form and content, the Notice, annexed as Exhibit B to the Stipulation and further amended and annexed as Exhibit 2 to the Holleman Declaration, and finds that the filing of the Stipulation and publication of the Notice substantially in the manner and form set forth in ¶ 3.2 of the Stipulation, meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto of all matters relating to the Settlement.

4. Within ten (10) business days of the Court's entry of this Preliminary Approval and Scheduling Order, Plaintiffs' Counsel shall publish the Notice on their websites and Acer shall (i) publish the Notice via a generally recognized wire service; and (ii) post the Notice, along with the Stipulation, on the "Investor Relations/Press Releases" section of its website, which posting shall be maintained through the date of the Settlement Hearing.

5. All costs incurred in the publication of the Notice shall be paid or caused to be paid by Acer.

6. At least fourteen (14) calendar days prior to the Settlement Hearing, Plaintiffs' Counsel and Acer's counsel shall each file with the Court proof, by affidavit or declaration, that the approved Notice process set forth in Paragraph 4 hereof has been fully undertaken.

7. All Current Acer Stockholders shall be bound by all orders, determinations, and judgments in the Actions concerning the Settlement, whether favorable or unfavorable to Current Acer Stockholders.

8. Pending final determination of whether the Settlement should be approved, neither Plaintiffs or Plaintiffs' Counsel, nor any current Acer stockholders or other Persons, derivatively on behalf of Acer, shall commence or prosecute against any action or proceeding in any court or tribunal asserting any of the Released Claims against any of the Released Persons.

9. Pending final determination of whether the Settlement should be approved, neither Plaintiffs or Plaintiffs' Counsel, now any current Acer Stockholders or other Persons, derivatively on behalf of Acer, shall commence or prosecute against any action or proceeding in any court or tribunal asserting any Released Claims against any of the Released Persons.

10. All papers in support of the Settlement shall be filed with the Court and served at least seven (7) calendar days prior to the Settlement Hearing.

11. Any Current Acer Stockholder and beneficial owners of common stock of Acer as of the date of entry of this Order, may object and/or appear and show cause if he, she or it has any reason why the terms of the Settlement should not be approved as fair, reasonable, and adequate, or why the Judgment should not be entered thereon, or why the Fee and Expense Award should not be finally approved; provided, however, that unless otherwise ordered by the Court, no Current Acer Stockholder shall be heard or entitled to contest the approval of all or any of the terms and conditions of the Settlement or, if approved, the Judgment to be entered thereon approving the same, unless that Person has, at least twenty-one (21) days prior to the Settlement Hearing: (1) filed with the Clerk of the Court at the address listed below and served the following counsel (delivered by hand or sent by first class mail) a written objection to the Settlement setting forth (a) the nature of the objection; (b) proof of ownership of Acer common stock through the date of the Settlement Hearing, including the number of shares of Acer common stock owned and date of purchase; (c) any and all documentation or evidence in support of such objection; and (d) the

identities of any cases, by name, court, and docket number, in which the Stockholder or his, her, or its attorney has objected to a settlement in the last three years; and (2) if a Current Acer Stockholder intends to appear and requests to be heard at the Settlement Hearing, such Stockholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court: (a) a written notice of such Stockholder's intention to appear at the Settlement Hearing; (b) a statement that indicates the basis for such appearance; (c) the identities of any witnesses the Stockholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony; and (d) any and all evidence that would be presented at the Settlement Hearing. If a Current Acer Stockholder files a written objection and/or written notice of intent to appear, such Stockholder must also simultaneously serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such Stockholder files with the Court (either by hand delivery or by first class mail) upon each of the following:

**Clerk of the Court:**

Clerk of the Court
U.S. DISTRICT COURT
DISTRICT OF MASSACHUSSETTS
John Joseph Moakley U.S. Courthouse 1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

*Counsel for Plaintiffs:*

W. Scott Holleman, Esq.
BRAGAR EAGEL & SQUIRE, P.C.
810 Seventh Avenue, Suite 620
New York, NY 10019

*Counsel for Acer:*

Jamie A. Levitt, Esq.
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019

12. Any Current Acer Stockholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the Fee and Expense Award, as set forth in the Stipulation, unless otherwise ordered by the Court, but shall otherwise be forever bound by the Judgment to be entered, the dismissal of the Actions with prejudice, and any and all of the releases set forth in the Stipulation.

13. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of the Settling Parties or of the validity of any Released Claims; or (b) is intended by the Settling Parties to be used by any other person in any other actions or proceedings, whether civil, criminal or administrative as evidence or otherwise. The Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; and any of the Settling Parties may file the Stipulation and documents executed pursuant and in furtherance thereto in any action to enforce the Settlement.

14. If the Stipulation is terminated pursuant to its terms, or the Effective Date does not otherwise occur, all proceedings in the Actions will revert to their status as of the date immediately preceding the date of the Stipulation.

15. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current Acer Stockholders and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Current Acer Stockholders.

IT IS SO ORDERED.

DATED: March 12, 2021                             /s/ George A. O'Toole, Jr.
                                                  HONORABLE GEORGE A. O'TOOLE
                                                  UNITED STATES DISTRICT JUDGE