IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID GIROUX, Derivatively on Behalf of ACER THERAPEUTICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JASON AMELLO, STEVE ASELAGE, HUBERT BIRNER, JOHN M. DUNN, MICHELLE GRIFFIN, LUC MARENGERE, HARRY PALMIN, and CHRIS SCHELLING, <br><br> Defendants, <br><br> and <br><br> ACER THERAPEUTICS, INC., <br><br> Nominal Defendant. | Case No. 1:20-cv-10537 |

## ORDER AND FINAL JUDGMENT

This matter came before the Court for hearing on \_\_\_\_May 12\_\_\_\_, 2021, to consider approval of the proposed settlement ("Settlement") set forth in the Stipulation and Agreement of Settlement dated December 29, 2020, and the exhibits thereto (the "Stipulation"). The Court has reviewed and considered all documents, evidence, objections (if any), and arguments presented in support of or against the Settlement. Good cause appearing therefore, the Court enters this Order and Final Judgment ("Judgment").

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

Unless otherwise stated herein, all capitalized terms contained in this Judgment shall have the same meaning and effect as stated in the Stipulation.

1

This Court has jurisdiction over the subject matter of the Actions and over the Settling Parties to the Actions.

This Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to each of the Settling Parties, Acer Therapeutics Inc. ("Acer"), and Current Acer Stockholders, and hereby finally approves the Settlement in all respects and directs the Settling Parties to perform the terms of the Settlement as set forth in the Stipulation.

This Court hereby dismisses the Actions with prejudice and without costs to the Settling Parties, except as otherwise provided below.

Upon the Effective Date, Plaintiffs (individually and derivatively on behalf of Acer), Acer, any other Current Acer Stockholders on behalf of Acer, and Plaintiffs' Counsel shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Persons.

Upon the Effective Date hereof, the Settling Parties and each of Acer's shareholders (solely in their capacity as Acer shareholders) are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any of the Released Persons as set forth in and in accordance with the terms of the Stipulation.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

Upon the Effective Date, each of the Released Persons shall be deemed to have fully, finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Counsel from any and all Defendants' Released Claims.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

The Court finds that the Notice of Pendency and Proposed Settlement of Shareholder Actions ("Notice") was given in accordance with the Preliminary Approval and Scheduling Order entered on March 12, 2021, and that such Notice was reasonable, constituted the most practicable notice under the circumstances to Current Acer Stockholders, complied with the requirements of federal law and due process, and constituted due and sufficient notice of the matters set forth therein.

The Court hereby approves the Fee and Expense Amount of $500,000, finds that such fee is fair and reasonable, and directs payment of the Fee and Expense Amount in accordance with the terms of the Stipulation.

The Court hereby approves the Incentive Awards of $5,000 for Plaintiff Giroux and $2,000 for the remaining Plaintiffs to be paid from Plaintiffs' Counsel's Fee and Expense Award in recognition of Plaintiffs' participation and efforts in the prosecution of the Actions.

During the course of the litigation of the Actions, all Settling Parties and their counsel acted in good faith and complied with Fed. R. Civ. P. 11 and any similar rule or statue.

Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, is or may be deemed to be or may be used as: (a) an admission or concession of, or evidence of, the validity of any Released Claim or any fault, wrongdoing, or liability of the Defendants; (b) an admission or concession by Plaintiffs or any Acer stockholder of any infirmity in the claims asserted in the Complaints; or (c) an admission or concession of, or evidence of, any fault, wrongdoing, or liability of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or

counterclaim based on principles of *res judicata*, collateral estoppel, equitable estoppel, judicial estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, and any of the Settling Parties may file the Stipulation and documents executed pursuant, and in furtherance thereof in any action to enforce the Settlement.

Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; and (b) all Settling Parties and the Settling Parties' counsel hereto for the sole purpose of construing, enforcing, and administering the Stipulation and this Order and Final Judgment, including, if necessary, setting aside and vacating this Judgment, on motion of a Settling Party, to the extent consistent and in accordance with the Stipulation if the Effective Date fails to occur in accordance with the Stipulation.

There is no reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed by the Court.

IT IS SO ORDERED.

DATED: 05/13/2021            /s/ George A. O'Toole, Jr.
                                                   HONORABLE GEORGE A. O'TOOLE
                                                   UNITED STATES DISTRICT JUDGE